Below is an Opinion of the Court.

*Randall L. Dunn*
_____
RANDALL L. DUNN
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | Bankruptcy Case |
| DERRICK ANDREW LENZ<br>ANNA MARIE LENZ, | ) | No. 09-30778-rld7 |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| DERRICK ANDREW LENZ<br>ANNA MARIE LENZ, | ) | |
| | ) | Adv. Proc. No. 10-03294-rld |
| Plaintiffs, | ) | |
| | ) | MEMORANDUM OPINION |
| v. | ) | |
| | ) | |
| AUTO ACCEPTANCE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

On February 11, 2011, I heard ("Hearing") defendant Berco Finance Corp. dba Auto Acceptance's ("Auto Acceptance") Motions to Dismiss and Alternative Motion for Withdrawal of Reference ("Motion to Dismiss") the Complaint for (1) Contempt of Court under § 105(a) for Violation of § 107(c) of the Bankruptcy Code, (2) Violation of Standard of Care of the Gramm-Leach-Bliley Act, & (3) Invasion of Privacy and

Page 1 - MEMORANDUM OPINION

Intentional or Negligent Infliction of Emotional Distress ("Complaint") filed by the debtor-plaintiffs Derrick Andrew Lenz and Anna Marie Lenz (collectively, "Debtors").[1]  Following the Hearing, I allowed the parties until February 18, 2011, to file supplemental memoranda with respect to the recently issued decision of the Ninth Circuit in <u>Barrientos v. Wells Fargo Bank, N.A.</u>, 2011 US App Lexis 2493, Case No. 09-55810 (9th Cir. Feb. 10, 2011).  Both sides filed supplemental memoranda by the deadline, at which point, I took the matter under advisement.

In deciding this matter, I have considered carefully the Complaint and the claims for relief stated therein.  I have reviewed applicable authorities, both as cited to me by the parties and that I have found through my own research.  In addition, I have taken judicial notice of the dockets and documents filed in this adversary proceeding ("Adversary Proceeding") and in the Debtors' main chapter 7 case no. 09-30778-rld7 ("Main Case").  Federal Rule of Evidence 201; <u>In re Butts</u>, 350 B.R. 12, 14 n.1 (Bankr. E.D. Pa. 2006).  Based on that review and consideration, I have come to a decision, and I will grant the Motion to Dismiss pursuant to Civil Rule 12(b)(6), applicable in this Adversary Proceeding under Rule 7012(b), for failure to state a claim upon which relief can be granted.  The reasons for my decision follow.

<u>Factual Background</u>

The following facts are taken from the allegations of the Complaint and events occurring and documents filed as noted on the

---

[1] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.  The Federal Rules of Civil Procedure are referred to as Civil Rules.

dockets of the Adversary Proceeding and the Main Case.

The Debtors filed their petition for relief under chapter 7 of the Bankruptcy Code on February 10, 2009. Auto Acceptance was identified as a creditor of the Debtors in the Debtors' schedules. Auto Acceptance filed a secured proof of claim ("Proof of Claim"), designated as Claim No. 4-1, in the amount of $7,647 on or about March 27, 2009. See Main Case Docket No. 18. The Proof of Claim consisted of a total of six pages, including five pages of attachments. On the second page of the attachments to the Proof of Claim, Auto Acceptance revealed Ms. Lenz's full social security number.

On October 12, 2010, the Debtors filed a Motion for Ex Parte Order Restricting Public Access to Filed Document of Creditor Auto Acceptance ("Motion to Restrict Access"), requesting that the court immediately restrict public access to the Proof of Claim and permanently seal it. See Main Case Docket No. 18. Following an expedited hearing, on October 22, 2010, the court entered an order granting the Motion to Restrict Access and directing the clerk of the court to redact the Proof of Claim to remove Ms. Lenz's social security number from view. See Main Case Docket No. 25. The Proof of Claim was redacted accordingly. See Claim No. 4-1 in the Claims Register.

On October 12, 2010, the Debtors also filed and served the Complaint to initiate the Adversary Proceeding. See Adversary Proceeding Docket Nos. 1 and 3. Auto Acceptance filed the Motion to Dismiss on November 15, 2010. See Adversary Proceeding Docket No. 4. At the initial pretrial conference for the Adversary Proceeding held on November 23, 2010, the court scheduled the deadlines for the Debtors'

Page 3 - MEMORANDUM OPINION

response to the Motion to Dismiss and any reply by Auto Acceptance and scheduled the Hearing date and thereafter entered a corresponding scheduling order. <u>See</u> Adversary Proceeding Docket Nos. 5 and 6. As noted above, after the Hearing and the filing of the parties' supplemental memoranda, the court took the Motion to Dismiss under advisement.

<u>Jurisdiction</u>

At the outset in the Motion to Dismiss, Auto Acceptance moves to dismiss the Complaint pursuant to Civil Rule 12(b)(1), applicable under Rule 7012(b), for lack of subject-matter jurisdiction. That motion is denied because consideration of the claims for relief stated in the Complaint falls within the core jurisdiction of this court. All three claims for relief stated in the Complaint fundamentally relate to the substantive content and procedure for filing creditors' proofs of claim in a pending bankruptcy case. This court has jurisdiction to consider the claims for relief stated in the Complaint pursuant to 28 U.S.C. §§ 1334 and 157(b)(1) and (2)(A) and (O). "In a very pragmatic sense, ... the act of filing a claim constitutes the foundation for creditor participation" in a bankruptcy case. <u>B-Real, LLC v. Chaussee (In re Chaussee)</u>, 399 B.R. 225, 233 (BAP 9th Cir. 2008). Resolving disputes as to proofs of claim is an important aspect of bankruptcy administration, central to adjustments in debtor/creditor relationships. Auto Acceptance's Motion to Dismiss for lack of jurisdiction is denied as without merit.

<u>Standards for Consideration of a Motion to Dismiss</u>

A motion to dismiss a complaint under [Civil Rule]

Page 4 - MEMORANDUM OPINION

12(b)(6) for failure to state a claim (applicable to bankruptcy adversary proceedings under Rule 7012) challenges the sufficiency of the complaint. Dismissal is appropriate if the plaintiff can prove no set of facts in support of its claim that would entitle it to relief[.] General Elec. Capital Corp. v. Lease Resolution, 128 F.3d 1074, 1080 (7th Cir. 1997).

Matthys v. Green Tree Servicing, LLC (In re Matthys), 2010 WL 2176086 (Bankr. S.D. Ind. May 26, 2010).

In determining whether a complaint states a claim that is sufficient to warrant relief, the court should "construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations [in the complaint] as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." Bovee v. Coopers & Lybrand, C.P.A., 272 F.3d 356, 360 (6th Cir. 2001).

Civil Rule 8, generally applicable in adversary proceedings under Rule 7008, sets out general rules for pleading in litigation in federal court. Civil Rule 8(a)(2) provides that a claim for relief need contain no more than "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." However, factual allegations in a complaint "must be enough to raise a right to relief above the speculative level," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), and must be adequate to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009).

I. Count One: § 107(c), Rule 9037 and Contempt

In Count One of the Complaint, the Debtors request sanctions, attorney's fees and expenses against Auto Acceptance pursuant to § 105(a)

Page 5 – MEMORANDUM OPINION

for violating § 107(c)(1) and Rule 9037 by disclosing Ms. Lenz's social security number in the attachments to the Proof of Claim.

Section 105(a) provides that "[t]he court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of [Title 11]." As I stated in <u>Concretize, Inc. v. Fireshield, Inc. (In re Concretize, Inc.)</u>, 2009 LEXIS 3568, Adversary Proceeding No. 09-03312-rld (Nov. 18, 2009) (where I dismissed an adversary proceeding complaint filed by a corporate plaintiff under § 362(k) for failure to state a claim upon which relief could be granted where that statute only provides a claim for relief to "an individual"), "use of the word 'provisions' rather than 'purposes' in § 105(a) suggests that its authority is limited to implementing other provisions of the Bankruptcy Code rather than existing as an independent authority."

> While the bankruptcy courts have fashioned relief under Section 105(a) in a variety of situations, the powers granted by that statute may be exercised only in a manner consistent with the provisions of the Bankruptcy Code. That statute does not authorize the bankruptcy courts to create substantive rights that are otherwise unavailable under applicable law, or constitute a roving commission to do equity.

<u>United States v. Sutton</u>, 786 F.2d 1305, 1308 (5th Cir. 1986). In this context, § 105(a) only can be used to support a personal claim for relief for the Debtors if the Debtors are entitled to pursue such a claim for relief under the terms of § 107(c) and/or rule 9037.

The Ninth Circuit addressed this situation generally, albeit with respect to a different claim for relief, in <u>Walls v. Wells Fargo Bank</u>, 276 F.3d 502 (9th Cir. 2002). In <u>Walls</u>, a former chapter 7 debtor filed a class action on behalf of chapter 7 debtors generally against

Wells Fargo Bank for violating the discharge injunction provisions of § 524 by attempting to collect a debt after it had been discharged in bankruptcy.  <u>Id.</u> at 504.  The district court determined that the remedy Congress intended for violations of the discharge injunction was contempt.  It referred the plaintiff's claim for a contempt remedy to the bankruptcy court but dismissed her claims for relief under § 524.  <u>Id.</u> The Ninth Circuit affirmed, concluding that § 524 did not provide a private right of action for violations of the discharge injunction and further determining that "violations of [§ 524] may not independently be remedied through § 105 absent a contempt proceeding in the bankruptcy court."  <u>Id.</u> at 506.  The Ninth Circuit forcefully reaffirmed its conclusions in <u>Walls</u> in <u>Barrientos v. Wells Fargo Bank, N.A.</u>, 2011 US App Lexis 2493, No. 09-55810 (9th Cir. Feb. 10, 2011) ("We have previously ruled after significant discussion that the availability of contempt proceedings under § 105 for violation of a discharge injunction under § 524 does not create a private right of action for damages.").

As with § 524, by their terms, neither § 107(c) nor Rule 9037 provides for a private right of action.  In relevant part, § 107(c)(1) provides:

> The <u>bankruptcy court</u>, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
>     (A) Any means of identification (as defined in section 1028(d) of title 18) contained in a paper filed, or to be filed, in a case under this title.
>     (B) Other information contained in a paper described in subparagraph (A).  (Emphasis added.)

Page 7 - MEMORANDUM OPINION

In contrast, § 107(b), dealing with trade secrets and "scandalous or defamatory matter," provides:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may–
>> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.
>> (Emphasis added.)

Nothing in the legislative history of § 107(c)(1) indicates that Congress intended to provide debtors with a private right of action in the event any subject information is disclosed by a creditor. See H.R. Rep. 109-31(I), Pub. L. 109-8 (Apr. 8, 2005), U.S. Code Cong. & Admin. News 2005, at p. 88.

Rule 9037, entitled "Privacy Protection for Filings Made with the Court," provides:

> (a) Redacted Filings. Unless the court orders otherwise, in an electronic or paper filing made with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual, other than the debtor, known to be and identified as a minor, or a financial-account number, a party or nonparty making the filing may include only:
>> (1) the last four digits of the social-security number and taxpayer-identification number;
>> (2) the year of the individual's birth;
>> (3) the minor's initials; and
>> (4) the last four digits of the financial-account number.
> (b) Exemptions from the Redaction Requirement. The redaction requirement does not apply to the following:
>> (1) a financial-account number that identifies the property allegedly subject to forfeiture in a forfeiture proceeding;
>> (2) the record of an administrative or

agency proceeding unless filed with a proof
                     of claim;
                     (3) the official record of a state-court
                     proceeding;
                     (4) the record of a court or tribunal, if
                     the record was not subject to the redaction
                     requirement when originally filed;
                     (5) a filing covered by subdivision (c) of
                     this rule; and
                     (6) a filing that is subject to § 110 of the
                     [Bankruptcy] Code.
           (c) Filings made under Seal. The court may order that
           a filing be made under seal without redaction. The
           court may later unseal the filing or order the entity
           that made the filing to file a redacted version for
           the public record.
           (d) Protective Orders. For cause, the court may by
           order in a case under the [Bankruptcy] Code:
                     (1) require redaction of additional
                     information; or
                     (2) limit or prohibit a nonparty's remote
                     electronic access to a document filed with
                     the court.
           (e) Option for Additional Unredacted Filing under
           Seal. An entity making a redacted filing may also
           file an unredacted copy under seal. The court must
           retain the unredacted copy as part of the record.
           (f) Option for Filing a Reference List. A filing that
           contains redacted information may be filed together
           with a reference list that identifies each item of
           redacted information and specifies an appropriate
           identifier that uniquely corresponds to each item
           listed. The list must be filed under seal and may be
           amended as of right. Any reference in the case to a
           listed identifier will be construed to refer to the
           corresponding item of information.
           (g) Waiver of Protection of Identifiers. An entity
           waives the protection of subdivision (a) as to the
           entity's own information by filing it without
           redaction and not under seal. (Emphasis added.)

Nothing in the Advisory Committee notes to Rule 9037 indicates that it

was intended to provide for a private right of action in the event of a

violation of the rule.

           The great majority of courts that have considered this issue

have determined that neither § 107(c) nor Rule 9037 provides a private

Page 9 - MEMORANDUM OPINION

right of action, independent of a potential contempt proceeding.  See, e.g., Davis v. Eagle Legacy Credit Union (In re Davis), 430 B.R. 902, 909 (Bankr. D. Colo. 2010) ("[B]ecause . . . § 107 does not provide for a private right of action and because rules governing procedure in federal courts do not give rise to private causes of action, Plaintiff does not properly state a claim for relief."); In re Matthys, 2010 WL 2176086 (Bankr. S.D. Ind. May 26, 2010) ("[N]othing in § 107 expressly creates a private right of action.  Nor has Congress implied that a private right of action exists.  This section grants the court the power to restrict the filing of certain information, but addresses the operation of the court, not the behavior of the parties."): Carter v. Checkmate, Cash Advance Centers, LLC (In re Carter), 2009 WL 3425828 (Bankr. N.D. Ala. Oct. 23, 2009); Lentz v. Bureau of Medical Economics (In re Lentz), 405 B.R. 893, 898 (Bankr. N.D. Ohio 2009); Carter v. Flagler Hospital, Inc. (In re Carter), 411 B.R. 730, 737-38, 740-41 (Bankr. M.D. Fla. 2009) ("If Congress meant to create a private right of action through § 107(c), it would have included the same or similar language that it included in § 107(b), which specifically provides for a private right of action.  To hold otherwise would seem contrary to Congress' intent."); In re Gjestvang, 405 B.R. 316, 320 (Bankr. E.D. Ark. 2009); and French v. American Gen'l Fin. Serv. (In re French), 401 B.R. 295, 304-08 (Bankr. E.D. Tenn. 2009).

The Debtors present a twofold response to that weight of authority.  First, the Debtors argue that a private right of action should be implied from § 107(c) and Rule 9037 based on the four factors enunciated in the Supreme Court's decision in Cort v. Ash, 422 U.S. 66,

Page 10 - MEMORANDUM OPINION

78 (1975):

> 1. Whether the plaintiff is a member of a class for whose special benefit the statute was enacted;
> 2. Whether there is any explicit or implicit indication of congressional intent to create or deny a private remedy;
> 3. Whether a private remedy would be consistent with the underlying purpose of the legislative scheme;
> 4. Whether the cause of action is one traditionally relegated to state law.

As cited in <u>Walls v. Wells Fargo Bank, N.A.</u>, 276 F.3d at 507 n.2. I note that the Supreme Court, in a decision subsequent to <u>Cort v. Ash</u>, has warned that implying a private right of action from federal statutes "is a hazardous enterprise, at best." <u>Touche Ross & Co. v. Redington</u>, 442 U.S. 560, 571 (1979). <u>See also</u> the Supreme Court's recent decision in <u>Astra USA, Inc. v. Santa Clara County, Cal.</u>, ___ U.S. ___, No. 09-1273 (March 29, 2011).

The bankruptcy court in <u>In re French</u>, 401 B.R. at 304-06, analyzed § 107(c) in light of the <u>Cort v. Ash</u> factors, and concluded that a private right of action could not be implied from the statute.

> Clearly, the Plaintiff falls within the scope of individuals as referenced in [§ 107(c)]; however, taking the statute as a whole, the court does not believe that § 107(c) was enacted for the special benefit of any specific class of persons. Rather, the purpose of § 107 as a whole is to ensure that papers filed in a bankruptcy case are public records, and the purpose of § 107(c), specifically, is to set forth a limited exception to the general rule that all records are public, allowing a court to limit public access [to] certain identification information if it determines that cause exists and dissemination of the information would constitute an undue risk of identity theft.
>
> . . .
>
> T[he] legislative history evidences that Congress did not intend for § 107(c) to create a private right of

Page 11 - MEMORANDUM OPINION

action or to be a remedial statute in any way. Instead, it expressly discusses the duty of the court to restrict public access to the extent <u>the court</u> finds that disclosure of information creates an undue risk, and as such, reinforces that the sole purpose [of] § 107(c) was to establish public access to court documentation with very limited exceptions and not to create a private right of action for the Plaintiff to seek damages for the filing of private personal information.

<u>Id.</u> at 305-06. (Emphasis in original.)

Since the authority to administer and resolve disputes as to claims is within the core jurisdiction of bankruptcy courts (<u>see</u> 28 U.S.C. § 157(b)(2)(B)), the subject matter of Count One of the Complaint clearly does not qualify under the fourth <u>Cort v. Ash</u> factor as a matter "traditionally relegated to state law." <u>Cort v. Ash</u>, 422 U.S. at 78.

I agree with the <u>French</u> analysis and conclude, consistent with the decisions of most other courts that have considered this issue, that § 107(c) and Rule 9037 do not as a substantive matter, either expressly or by implication, provide for a private right of action based on the filing by a creditor of a debtor's personal information in the attachments to a proof of claim.

The Debtors' second argument is that Count One of the Complaint seeks a contempt remedy and appropriately is pursued in the Adversary Proceeding, either on its own merits or in conjunction with the other claims for relief asserted in the Complaint. The problem with Debtors' argument is that it conflicts directly with the Rules and Ninth Circuit authority.

Rule 9020 provides that, "Rule 9014 governs a motion for an order of contempt made by the United States trustee or a party in

Page 12 - MEMORANDUM OPINION

interest." Rule 9014(a), in relevant part, provides that, "In a
contested matter in a case under the [Bankruptcy] Code, not otherwise
governed by these rules, relief shall be requested by motion, and
reasonable notice and opportunity for hearing shall be afforded the party
against whom relief is sought." As stated by the Ninth Circuit in
Barrientos, "In other words, a contempt proceeding by . . . a party in
interest is a contested matter." Barrientos v. Wells Fargo Bank, N.A.,
2011 US App Lexis 2493, No. 09-55810 (9th Cir. Feb. 10, 2011).
Accordingly, contempt proceedings are initiated by a motion in the main
case and not by adversary proceeding.

> At oral argument, Appellant argued that because
> Bankruptcy Rule 9014 invokes certain rules utilized
> for adversary proceedings under Part VII of the
> Bankruptcy Rules, any motion brought pursuant to
> Bankruptcy Rule 9014 could also impliedly be brought
> as an adversary proceeding. Such a construction does
> not follow, and if adopted it would obliterate the
> difference between contested matters and adversary
> proceedings, obviating the list [of matters required
> to be pursued as adversary proceedings] under Rule
> 7001, because under this construction any contested
> matter under Bankruptcy Rule 9014 could necessarily
> be brought as an adversary proceeding under Rule
> 7001.
>
> . . .
>
> The district court correctly ruled that contempt
> proceedings . . . must be initiated by motion in the
> bankruptcy case under Rule 9014 and not by adversary
> proceeding.

Id.

My ultimate conclusion is that Count One of the Complaint is
fundamentally flawed, both substantively and procedurally, and must be
dismissed for failure to state a claim upon which relief can be granted.

Page 13 - MEMORANDUM OPINION

II.  Count Two: Gramm-Leach-Bliley

        In Count Two of the Complaint, the Debtors seek actual damages, future damages, reimbursement of credit and identity theft monitoring fees, attorney's fees and costs for Auto Acceptance's alleged violation of the standard of care established in the Gramm-Leach-Bliley Act ("Gramm-Leach-Bliley") "to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information."  15 U.S.C. § 6801(a).  In Paragraph 23 of the Complaint, the Debtors explicitly "recognize that [Gramm-Leach-Bliley] does not provide a private right of action for an individual."  Rather, they argue that the existence of a standard of care set forth in Gramm-Leach-Bliley entitles them to ignore that inconvenient fact and sue for damages, attorney's fees and costs anyway.

        The Gramm-Leach-Bliley Act emphasizes the need for protecting a consumer's privacy and confidentiality of nonpublic personal information.  Consistent with that purpose, it also provides that the law and the regulations prescribed thereunder are to be enforced by federal and state authorities.  By its terms, however, the law does not create a private cause of action, nor is one implied.  No court has ruled to the contrary.

In re Davis, 430 B.R. at 908.  See, e.g., Dunmire v. Morgan Stanley DW Inc., 475 F.3d 956, 960 (8th Cir. 2007); In re Matthys, 2010 WL 2176086 (Bankr. S.D. Ind. May 26, 2010); In re Chubb, 426 B.R. 695, 698 (Bankr. E.D. Mich. 2010); In re Carter, 2009 WL 3425828 (Bankr. N.D. Ala. Oct. 23, 2009); In re Lentz, 405 B.R. at 898-900; In re Gjestvang, 405 B.R. at 320; and In re French, 401 B.R. at 310.  The Debtors cite no contrary authority.

        Section 6805 of Gramm-Leach-Bliley provides that its provisions

are to be enforced by the "Federal functional regulators, the State insurance authorities, and the Federal Trade Commission" and other federal and state regulatory authorities under specific federal legislation. <u>See</u> 15 U.S.C. § 6805. "The fact that Congress expressly provided for one method of enforcing [Gramm-Leach-Bliley] suggests that Congress intended to preclude others." <u>Briggs v. Emporia State Bank and Trust Co.</u>, 2005 WL 2035038, at *2 (D. Kan. Aug. 23, 2005). "Like substantive federal law itself, private rights of action to enforce federal law must be created by Congress." <u>Alexander v. Sandoval</u>, 532 U.S. 275, 286 (2001), citing <u>Touche Ross & Co. v. Redington</u>, 442 U.S. at 578 (available remedies are those "that Congress enacted into law"). No private right of action is provided for in Gramm-Leach-Bliley.

The Debtors' attempt to descry a personal claim for relief from the penumbra of Gramm-Leach-Bliley is creative but ultimately unavailing. Try as the Debtors might to find one, there is no private right of action under Gramm-Leach-Bliley, and Count Two of the Complaint must be dismissed for failure to state a claim upon which relief can be granted.

III. <u>Count Three: State Law Claim for Invasion of Privacy and Intentional or Negligent Infliction of Emotional Distress</u>

Finally, in Count Three of the Complaint, the Debtors seek actual damages, punitive damages, attorney's fees and costs from Auto Acceptance for its intentional, negligent or "grossly careless" conduct in disclosing Ms. Lenz's social security number and thus invading the Debtors' privacy. The Debtors do not cite any statutory basis for Count Three of their Complaint, referring only to the Restatement (Second) of Torts, § 652D. However, in their Response to the Motion to Dismiss, the

Page 15 - MEMORANDUM OPINION

1  Debtors characterize Count Three as a claim "under state law breach of

2  privacy."  Response to Defendant's Motions to Dismiss and Defendant's

3  Alternative Motion for Withdrawal of Reference, Docket No. 11, at p. 33.

4  For the reasons stated below, I conclude that Count Three of the

5  Complaint is preempted by the provisions of the Bankruptcy Code and

6  Rules.

7       The Ninth Circuit Bankruptcy Appellate Panel ("Panel") faced a

8  dispositively similar claim for relief in <u>B-Real, LLC v. Chaussee (In re

9  Chaussee)</u>, 399 B.R. 225 (BAP 9th Cir. 2008).

10          In this appeal, the Panel is called upon to decide an
           issue of first impression in our circuit: whether the
11         act of filing a proof of claim in a bankruptcy case
           may, alone, subject the claimant to liability for
12         violation of state and federal fair debt collection
           laws.
13

14  <u>Id.</u> at 227.  <u>See</u> <u>McCarthur-Morgan v. Asset Acceptance, LLC (In re

15  McCarther-Morgan)</u>, 2009 Bankr. LEXIS 4579, BAP No. SC-08-1093-KwMoJu (BAP

16  9th Cir. Jan. 27, 2009).

17       In <u>Chaussee</u>, the debtor filed an adversary proceeding complaint

18  ("AP Complaint") alleging that the creditor-defendant violated the

19  Washington Consumer Protection Act ("WCPA") and the federal Fair Debt

20  Collection Practices Act ("FDCPA") by filing two proofs of claim in the

21  debtor's bankruptcy case for debts the debtor alleged she did not owe and

22  were barred by the statute of limitations.  The creditor filed a motion

23  to dismiss under Civil Rule 12(b)(6) for alleged failures to state claims

24  upon which relief could be granted, that the bankruptcy court denied.

25  The Panel reversed, concluding that the debtor's FDCPA claim was

26  precluded by the Bankruptcy Code, and the debtor's WCPA claim was

Page 16 - MEMORANDUM OPINION

preempted by the Bankruptcy Code.  Id.  It is the latter determination that is relevant in this case.

For purposes of its discussion, the Panel took as given that the facts alleged in the AP Complaint were true.  Id. at 229.  The Panel then discussed the doctrine of preemption:

> The preemption doctrine has its roots in the Supremacy Clause of the United States Constitution and is implicated only when there is a conflict between federal and state regulations.  MSR Exploration, [Ltd.,] 74 F.3d [910,] 913 [(9th Cir. 1996)] Under this doctrine, state laws interfering with, or contrary to, federal law are preempted.  See Perez v. Campbell, 402 U.S. 637, 652, 91 S. Ct. 1704, 29 L. Ed. 2d 233 (1971).

Id. at 230.

The Panel relied in its analysis on the decision of the Ninth Circuit in MSR Exploration, where creditors had filed proofs of claim in the debtor's chapter 11 case to which the debtor objected.  The bankruptcy court sustained the debtor's claim objections.  Later, after the debtor's chapter 11 plan had been confirmed and substantially consummated, the debtor sued the subject creditors for malicious prosecution in federal district court.  MSR Exploration, 74 F.3d at 912.  The district court dismissed the action, and the Ninth Circuit affirmed.

The Ninth Circuit justified its decision on several bases.  First, the intent of Congress, as expressed in 28 U.S.C. § 1334, is that bankruptcy matters be handled in a federal forum.  Id. at 913.  Second, in light of the complexity and comprehensive nature of the Bankruptcy Code, the Ninth Circuit concluded that Congress did not intend to allow state law remedies to impinge on bankruptcy administration.

> [A] mere browse through the complex, detailed, and

Page 17 - MEMORANDUM OPINION

> comprehensive provisions of the lengthy Bankruptcy
> Code . . . demonstrates Congress's intent to create a
> whole system under federal control which is designed
> to bring together and adjust all of the rights and
> duties of creditors and embarrassed debtors alike.
> While it is true that bankruptcy law makes reference
> to state law at many points, the adjustment of rights
> and duties within the bankruptcy process itself is
> uniquely and exclusively federal.  It is very unlikely
> that Congress intended to permit the superimposition
> of state remedies on the many activities that might be
> undertaken in the management of the bankruptcy
> process.

Id. at 914.

Third, the Ninth Circuit pointed out that the "unique, historical and even constitutional need for uniformity" in bankruptcy administration militates against the juxtaposition of state law remedies on the bankruptcy process.  Id. at 914-15 ("Congress has considered the need to deter misuse of the process and has not merely overlooked the creation of additional deterrents.").  Finally, the Ninth Circuit pointed to its history of concluding that preemption was needed in the bankruptcy area, citing its previous decision in Gonzales v. Parks, 830 F.2d 1033 (9th Cir. 1987), where "the court rejected a creditor's contention that a debtor's filing of a bankruptcy petition allegedly in bad faith could support an action for abuse of process under state law."  In re Chaussee, 399 B.R. at 231.

The Ninth Circuit subsequently "confirmed the vitality" of its rationale in MSR Exploration in its decision in Miles v. Okun (In re Miles), 430 F.3d 1083 (9th Cir. 2005), where it affirmed the dismissal of state law claims for relief for damages based on the alleged improper filing and prosecution of involuntary bankruptcy petitions.  Id. at 1086-92 ("We do not hold all state actions related to bankruptcy proceedings

Page 18 - MEMORANDUM OPINION

are subject to the complete preemption doctrine," but "[r]emedies and sanctions for improper behavior and filings in bankruptcy court . . . are matters on which the Bankruptcy Code is far from silent and on which uniform rules are particularly important."), as characterized in In re Chaussee, 399 B.R. at 231.

The claim for relief stated in Count Three of the Complaint, as in MSR Exploration and In re Chaussee, relates specifically to the claims process and alleges wrongful conduct in a pending bankruptcy case. Specifically, the Debtors allege that Auto Acceptance committed a state law tort by filing the Proof of Claim in the Main Case. Allowing Count Three of the Complaint to proceed to trial has enormous potential disruptive and distorting effects in bankruptcy cases.

Generally, under §§ 501 and 502, and Rule 3002(a), a creditor must file a proof of claim in order for its claim to be allowed in a bankruptcy case.

> In a very pragmatic sense, then, the act of filing a claim constitutes the foundation for creditor participation in this case. Allowing debtors to recover under the [WCPA] solely because a creditor filed a proof of claim may skew the incentive structure of the [Bankruptcy] Code and its remedial scheme and could discourage creditors from filing a claim. See MSR Exploration, 74 F.3d at 916 (noting that [e]ven the mere possibility of being sued in tort . . . could in some instances deter persons from exercising their rights in bankruptcy.").

In re Chaussee, 399 B.R. at 233-34.

In this case, the Debtors seek to sue Auto Acceptance in tort for having included Ms. Lenz's social security number on one page of the attachments to the Proof of Claim. If the disclosure of Ms. Lenz's personal information was inadvertent, I have acted to fix the problem by

Page 19 - MEMORANDUM OPINION

hearing the Motion to Restrict Access in an expedited fashion and granting the motion, with the personal information redacted from the Proof of Claim, as contemplated in § 107(c). If the Debtors have suffered damages from Auto Acceptance's conduct (noting that no specific, actual damages are alleged in the Complaint), they may be able to pursue contempt remedies in the Main Case. However, as to allowing Count Three of the Complaint to proceed, I am guided by the conclusion of the Panel in In re Chaussee:

> Consistent with the teachings of our circuit's case law, we fear that the purposes and policies of the [Bankruptcy] Code, together with the need for its uniform application, may be undercut if debtors can pursue state law claims . . . against those accused of filing an improper proof of claim.

Id. at 234.

Consistent with the reasoning and determination of the Panel in In re Chaussee, I conclude that the claim for relief stated in Count Three of the Complaint is preempted by the Bankruptcy Code and Rules and therefore must be dismissed for failure to state a claim upon which relief can be granted.

## Conclusion

As discussed in detail above, I have concluded that all of the claims for relief stated in the Complaint fall within the core jurisdiction of this court pursuant to 28 U.S.C. §§ 1334 and 157(b)(1) and (2)(A) and (O). Accordingly, I deny Auto Acceptance's Motion to Dismiss pursuant to Civil Rule 12(b)(1), applicable under Rule 7012(b). However, for the reasons stated above, I grant Auto Acceptance's Motion to Dismiss the Complaint for failure to state a claim upon which relief

Page 20 - MEMORANDUM OPINION

can be granted pursuant to Civil Rule 12(b)(6), again applicable under
Rule 7012(b).   The court will prepare and enter an order consistent with
this Memorandum Opinion.

                                   # # #


cc:        Christopher J. Kane
           Martin W. Jaqua

Page 21 - MEMORANDUM OPINION